■ BARBARA WRIGHT, Respondent, v C.H. MARTIN OF WHITE PLAINS ROAD, INC., et al., Defendants, EMIL MOSBACHER REAL ESTATE, LLC, Appellant, and CITY OF NEW YORK, Respondent. [808 NYS2d 21]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered December 7, 2004, which, in an action for personal injuries sustained in a trip and fall on the sidewalk in front of premises allegedly owned by defendant-appellant, denied appellant's motion for summary judgment dismissing the complaint as against it, and order, same court and Justice, entered July 6, 2005, which, insofar as appealable, denied appellant's motion to renew, unanimously affirmed, without costs.

The only evidence appellant initially adduced to support its claim that it did not own the subject premises at the time of the accident is the deposition testimony of its officer that neither appellant nor any of its related companies has had anything to do with the premises since 1981, when it was sold by one such related company. Absent from the submission were copies of any deeds, including that from the related company conveying the premises in 1981, or even that showing the current title. Such lack of evidence normally adduced to prove title required denial of the motion regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Appellant's motion to renew, consisting of deeds purporting to show the premises' complete title history and an affidavit of its officer attributing certain inconsistencies in the deeds to scrivener errors, was properly denied for failure to show that the new evidence could not with due diligence have been presented on the original motion (*see Tishman Constr. Corp. of N.Y. v City of New York*, 280 AD2d 374, 377 [2001]; *William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1992], *lv dismissed in part and denied in part* 80 NY2d 1005 [1992]). In any event, even considering the new evidence on the renewal motion, the deeds raise issues of fact as to appellant's ownership at the time of the accident. We have considered appellant's other arguments and find them unavailing. Concur—Saxe, J.P., Marlow, Ellerin, Gonzalez and McGuire, JJ.