■ CECILIA VALERIO, Respondent, v CITY OF NEW YORK et al., Defendants, and TRIUMPH CONSTRUCTION CORP., Appellant. (And a Third-Party Action.) [804 NYS2d 312]—Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered January 10, 2005, which, to the extent appealed from, denied defendant Triumph Construction's motion for summary judgment with respect to the complaint and cross claims against it, unanimously affirmed, without costs.

The speculative and contradictory deposition testimony of Triumph's officer/employee was insufficient to establish a prima facie entitlement to judgment as a matter of law. Moreover, whatever showing Triumph made was rebutted by plaintiff with admissible evidence in the form of street opening permits as well as the officer's deposition testimony, raising a triable issue of fact (cf. *James v Jamie Towers Hous. Co.*, 99 NY2d 639 [2003], *affg* 294 AD2d 268 [2002]). Concur—Saxe, J.P., Ellerin, Sweeny and Catterson, JJ.

■ CAROLINE DELRAN, Appellant, v PRADA USA CORP., Respondent. [804 NYS2d 243]—Order, Supreme Court, New York County (Walter B. Tolub, J.), entered August 6, 2004, which, to the extent appealed from as limited by the briefs, dismissed count one of the complaint, pursuant to CPLR 3211 (a) (7), for failure to state a cause of action, unanimously affirmed, without costs.

While it is true that in considering a motion to dismiss brought pursuant to CPLR 3211 (a) (7), the court must presume the facts pleaded to be true and must accord them every favorable inference (*Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998]; *Hispanic AIDS Forum v Estate of Bruno*, 16 AD3d 294, 295 [2005]), factual allegations that do not set forth a viable cause of action, or that consist of bare legal conclusions, are not entitled to such consideration (*Skillgames, LLC v Brody*, 1 AD3d 247, 250 [2003]; *Caniglia v Chicago Tribune-N.Y. News Syndicate*, 204 AD2d 233 [1994]).

In this matter, we agree with the motion court that plaintiff's allegations do not fall within the ambit of the statute and, therefore, fail to state a cause of action. Concur—Sullivan, J.P., Ellerin, Nardelli and Sweeny, JJ.