■ Madison Third Building Companies, LLC, Respondent, v David Berkey et al., Appellants, et al., Defendants. [817 NYS2d 228]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered October 26, 2005, which, in an action for tortious interference with contract, denied defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, unanimously affirmed, with costs.

Giving it the benefit of every favorable inference (see Delran v Prada USA Corp., 23 AD3d 308 [2005]), plaintiff commercial building owner's allegation that defendants real estate brokers continued to negotiate to obtain space elsewhere for plaintiff's contract lessee, despite their knowledge that there was a fully executed lease already in existence, should be understood as claiming not merely that defendants negotiated during the single day between the execution of the lease and the lessee's repudiation, but that they improperly continued the negotiations begun earlier. So understood, the allegation provides fair notice of the necessary "but for" causation (see Burrowes v Combs, 25 AD3d 370, 373 [2006]) between the alleged negotiations and the lessee's alleged breach of lease. We reject defendants' argument that the allegation of negotiations is conclusory, and that any inference of "but for" causation between the alleged negotiations and breach is speculative, in the absence of details showing when, how and by whom the negotiations were conducted. Defendants' assertion that they stopped negotiating for the other space when they learned of the executed lease merely presents an issue of fact to be decided after joinder of issue. No appellate relief is warranted by the motion court's incorrect statement that the complaint, "moreover," states a cause of action for tortious interference with a prospective contract. We do note, however, that plaintiff's cause of action is for tortious interference with an existing contract, not a prospective one, and that the complaint does not purport to allege the type of "culpable" conduct necessary to the latter (see Carvel Corp. v Noonan, 3 NY3d 182, 190-191 [2004]). Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.