■ TERESA ESTEVA, Respondent, v CITY OF NEW YORK, Respondent, and JOHN CATSIMATIDIS, Appellant. [817 NYS2d 22]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered August 26, 2005, which, to the extent appealed from, denied the motion for summary judgment dismissing the complaint and all cross claims as against defendant Catsimatidis, unanimously affirmed, without costs.

Plaintiff was allegedly injured in a trip and fall near a bus shelter. Catsimatidis, an abutting landowner, denied any obligation to maintain the public sidewalk. Denial of an earlier dismissal motion was followed by discovery, after which Catsimatidis made the instant motion, relying primarily on excerpts from the deposition testimony of Ali Sadriyoun, the Chief of Operations of the Department of Transportation's Sidewalk Management Unit.

It is well settled that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Catsimatidis failed to satisfy that burden. His offer of selective excerpts of Sadriyoun's deposition testimony to the effect that because the City does not generally place such a bus shelter on private property, the sidewalk surrounding this structure could not be Catsimatidis's responsibility, was, as to this case, speculative. Indeed, the witness admitted he had not consulted "any metes and bounds description or any survey of the property." Moreover, since the transcript offered by Catsimatidis omitted much of Sadriyoun's testimony, it is difficult to ascertain exactly what the witness was discussing. Catsimatidis did not produce an affidavit from an individual with expertise or personal knowledge of the facts who was in a position to interpret various documents appended to the motion papers and connect them to plaintiff's accident. It cannot be found, on this record, that Catsimatidis neither owned nor controlled the area where plaintiff fell (*see Wright v C.H. Martin of White Plains Rd., Inc.*, 23 AD3d 295 [2005]). Concur—Tom, J.P., Friedman, Sullivan and McGuire, JJ.