■ WELLS FARGO BANK, N.A., as Trustee of the Captec Grantor Trust II 2000-1, Respondent, v ADF OPERATING CORP., Defendant, and NANCY LEVY, as Executrix of FRANKLIN J. LEVY, Deceased, et al., Appellants. [855 NYS2d 68]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered September 28, 2007, which granted defendants' motion to dismiss the complaint only as against defendant ADF Operating Corp., unanimously modified, on the law, the motion denied and the complaint reinstated as against ADF Operating Corp., and otherwise affirmed, without costs.

Plaintiff alleges that it is the successor in interest to the lender under two promissory notes and security agreements executed by ADF LI, LLC, that defendants formed for the purpose of owning and operating two restaurant franchises; that among the provisions of the security agreements was a prohibition against changes in ADF LI's organizational structure or ownership interests without prior written consent of the lender; and that, after 2¹/₂ years of timely payment on the notes, without consent of the lender, Levy and Harty transferred their ownership interest in ADF LI to a third party that had limited restaurant experience, that, within a short time, defaulted on the notes. Accepting the facts as alleged in the complaint as true, according plaintiff the benefit of every possible favorable inference, and determining only whether the facts as alleged fit within any cognizable legal theory (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the court properly found that plaintiff adequately pleaded the requisite elements of a tortious interference claim (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]).

The economic interest defense is not applicable because plaintiff alleged that defendants were not acting to protect their financial interests in ADF LI when they sold their interests to a third party, but rather sold to profit themselves to the detriment of ADF LI (see White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]). The allegations in the complaint, read together, also sufficiently allege intentional procurement of the breach and "but for" causation (see e.g. Madison Third Bldg. Cos., LLC v Berkey, 30 AD3d 1146 [2006]).

Nor is dismissal warranted on the basis of documentary evidence, because defendants' construction of the security agreements, relying solely on section 3, renders sections 4 and 12 (b) meaningless (see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc., 63 NY2d 396, 403 [1984]).

Contrary to the court's finding, and as defendants concede, defendant ADF Operating Corp. was not a party to the security agreements.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Gonzalez, J.P., Williams, Catterson and Moskowitz, JJ.