■ Margarita Correa, as Administratrix of the Estate of Orlando Correa, Deceased, et al., Respondents, v Orient-Express Hotels, Inc., Appellant. [924 NYS2d 336]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered November 3, 2010, which, insofar as appealed from as limited by the briefs, denied defendant's pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, without costs.

In this wrongful death action, plaintiffs allege that decedent slipped and fell while working in premises owned by nonparty 21 Club, Inc., which is wholly-owned by nonparty 21 Club Properties, Inc., which, in turn, is wholly-owned by defendant.

Neither the affidavit nor the deposition testimony defendant offered constitutes the type of documentary evidence that may be considered on a motion pursuant to CPLR 3211 (a) (1) (*see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271 [2004]; *Berger v Temple Beth-El of Great Neck*, 303 AD2d 346, 347 [2003]). The remainder of the evidence does not "conclusively establish[ ] a defense to the asserted claims as a matter of law" because it does not irrefutably establish that defendant neither owned nor controlled the premises (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see Wright v C.H. Martin of White Plains Rd., Inc.*, 23 AD3d 295, 296 [2005]).

We reject defendant's argument that, even if it controlled 21 Club, Inc. and thus can be considered its alter ego, this action would still be barred by the exclusivity provisions of the Workers' Compensation Law. Defendant's liability is premised upon its ownership and/or control of the premises, not its ownership and/or control of 21 Club, Inc. Accordingly, whether or not defendant is the alter ego of 21 Club, Inc. is irrelevant. Further, defendant's argument relies upon a factual issue, whether it controlled 21 Club, Inc. and thus constituted its alter ego, which cannot be determined on this pre-answer motion to dismiss.

We have considered defendant's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Richter, Manzanet-Daniels and Román, JJ.