Normandy Real Estate Partners LLC v 24 E. 12th St. Assoc. LLC (2019 NY Slip Op 00060)





Normandy Real Estate Partners LLC v 24 E. 12th St. Assoc. LLC


2019 NY Slip Op 00060


Decided on January 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2019

Renwick, J.P., Richter, Manzanet-Daniels, Tom, Gesmer, JJ.


7063 650984/15

[*1]Normandy Real Estate Partners LLC, Plaintiff-Appellant,
v
24 East 12th Street Associates LLC, et al., Defendants-Respondents.


Meister Seelig & Fein LLP, New York (Stephen B. Meister and Thomas L. Friedman of counsel), for appellant.
Max Markus Katz, P.C., New York (Max Markus Katz of counsel), for 24 East 12th Street Associates LLC, respondent.
Ellenoff Grossman & Schole LLP, New York (John B. Horgan and Fawn Lee of counsel), for Elie Tahari, Ltd., respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 6, 2016, which granted defendants' motion to dismiss the amended complaint, unanimously modified, on the law, to deny the motion as to the breach of contract and tortious interference with contract claims, and otherwise affirmed, without costs.
Defendant 24 East 12th Street Associates LLC (Associates) leased property with an option to purchase if certain conditions occurred. After the owner notified Associates that it would sell the property, Associates entered into a letter agreement with plaintiff whereby the parties agreed that they would negotiate plaintiff's purchase of Associates' lease and the option to purchase. The letter agreement included the purchase price and some relevant terms, provided for plaintiff to provide a deposit, and contemplated a further purchase and sale agreement. It included a confidentiality provision, and provided for an "Exclusivity Period" of 14 days, during which Associates could "continue discussions" with defendant Elie Tahari, Ltd. (Tahari) regarding the sale of the lease and the purchase option.
Plaintiff alleges that, within one day of entering into the letter agreement, Associates disclosed the letter agreement to Tahari in violation of the confidentiality provision and agreed to accept an offer from Tahari in violation of the exclusivity provision.
The complaint states a cause of action for breach of the letter agreement's exclusivity provision. The letter agreement provided only that Associates could "continue discussions" with Tahari, and did not provide that it could accept an offer, within the 14-day period, and therefore does not utterly refute the complaint's factual allegations or conclusively establish a defense for Associates as a matter of law (see Goshen v Mut. Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]).
The complaint states a cause of action for breach of the confidentiality provision by alleging the existence of the letter agreement, plaintiff's performance thereunder, Associates' breach of the letter agreement's confidentiality provision by disclosing the letter agreement to Tahari, and resulting damages (see Morris v 702 E. Fifth St. HDFC, 46 AD3d 478, 479 [1st Dept 2007]). Although the "lost profits" damages allegation is boilerplate and does not allege facts showing that the damages are attributable to Associates' conduct (see Gordon v Dino De Laurentiis Corp., 141 AD2d 435, 436 [1st Dept 1988]), the complaint sufficiently alleges other damages, such as incurring expenses in performing due diligence and negotiating and drafting the letter agreement and an ultimately worthless escrow agreement.
The complaint fails to state a cause of action for breach of the duty to negotiate in good [*2]faith, which was expressly included in a non-binding section of the letter agreement. Even considered a claim for breach of the implied duty of good faith and fair dealing, the claim was correctly dismissed, because it is "intrinsically tied to the damages allegedly resulting from a breach of the contract" (see MBIA Ins. Corp. v Merrill Lynch, 81 AD3d 419, 420 [1st Dept 2011] [internal quotation marks omitted]).
The complaint states a cause of action for tortious interference with contract by alleging that plaintiff entered into a valid contract (the letter agreement) with Associates, that Tahari had knowledge of the letter agreement, that Tahari intentionally and improperly induced Associates to breach the enforceable provisions of the letter agreement by entering into an agreement with it to purchase the lease and purchase option during the exclusivity period, and that as a result plaintiff suffered damages (see White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]). The allegations show that Tahari's inducement of Associates to breach the enforceable provisions of the letter agreement "exceeded a minimum level of ethical behavior in the marketplace" (id. at 427 [internal quotation marks omitted]).
Tahari failed to establish the economic interest defense to tortious interference with contract at this time. The complaint alleges that Tahari was effectively plaintiff's competitor, that it did not appear to have a prior contractual or economic relationship with Associates, and that it had merely a generalized economic interest in soliciting Associates to sell the lease and the purchase option for profit (see id. at 426; LNYC Loft, LLC v Loo, 148 AD3d 552 [1st Dept 2017]; Wells Fargo Bank, N.A. v ADF Operating Corp., 50 AD3d 280 [1st Dept 2008]).
Since plaintiff can be adequately compensated for breach of contract and tortious interference by monetary damages, the cause of action for an equitable lien was correctly dismissed as not warranted (see Meehan v Meehan, 227 AD2d 268, 269-270 [1st Dept 1996]; see also Wolf v National Council of Young Israel, 264 AD2d 416, 418 [2d Dept 1999]).
The Decision and Order of this Court entered herein on July 5, 2018 (163 AD3d 424 [1st Dept 2018]) is hereby recalled and vacated (see M-3892 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 8, 2019
CLERK