Scotto v 315 Park Ave S, LLC (2020 NY Slip Op 00682)





Scotto v 315 Park Ave S, LLC


2020 NY Slip Op 00682


Decided on January 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10926 154444/12 590271/13 595876/15

[*1] Vincent Scotto, Plaintiff,
v
315 Park Ave S, LLC, et al., Defendants. [And a Third-Party Action.]
Credit Suisse Securities (USA) LLC, Second Third-Party Plaintiff,
v
Responsys, Inc., Second Third-Party Defendant-Respondent. [And Other Third Party Actions.]
Plaza Construction Corp., Fifth Third-Party Plaintiff-Respondent,
v
Cosmopolitan Decorating Co., Inc., Fifth Third-Party Defendant-Appellant.


Lester Schwab Katz & Dwyer, LLP, New York (Paul M. Tarr of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about February 5, 2019, which denied the motion of fifth third-party defendant Cosmopolitan Decorating Co., Inc. (Cosmopolitan) for summary judgment dismissing defendant/fifth third-party plaintiff Plaza Construction Corp.'s (Plaza) claims against it, unanimously affirmed, without costs.
Plaintiff alleges that he was injured when he fell from a ladder as he was performing wiring work on the 9th floor of the subject premises. Plaza was the general contractor for the renovation work, and it subcontracted various entities, including Cosmopolitan, which was responsible for painting. Plaintiff testified that after he fell, he noticed that plastic that was covering the carpet caused the ladder to shift, and stated that on the day prior to his accident, painters had placed plastic on the floor.
The court properly denied Cosmopolitan's summary judgment motion, as Cosmopolitan relied upon selective excerpts of testimony, including from its owner, that its policy is to not use plastic tarping at work sites, to argue that it did not place the plastic tarping that caused plaintiff's fall. This speculation is insufficient to establish a prima facie entitlement to judgment as a matter of law (see Esteva v City of New York, 30 AD3d 212, 213 [1st Dept 2006]; Valerio v City of New York, 23 AD3d 308 [1st Dept 2005]). Furthermore, Plaza submitted
evidence, including its daily construction reports, that would support an inference that Cosmopolitan's workers placed the plastic on the floor.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2020
CLERK