Optical Communications Group, Inc. v Worms (2023 NY Slip Op 02980)

Optical Communications Group, Inc. v Worms

2023 NY Slip Op 02980

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Kapnick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Index No. 161202/20 Appeal No. 416 Case No. 2022-02920 

[*1]Optical Communications Group, Inc., Plaintiff-Respondent,
v
Victor A. Worms et al., Defendants-Appellants.

Law Offices of Victor A. Worms, New York (Victor A. Worms of counsel), for appellants.
Andrew Lavoott Bluestone, New York, for respondent.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered February 18, 2022, which, to the extent appealed from, denied defendants' motion to dismiss plaintiff's cause of action for legal malpractice, unanimously affirmed, without costs.
Plaintiff stated a claim for legal malpractice, as the complaint alleged that defendants' negligence in connection with its representation of plaintiff in the underlying action brought by nonparty PEG Bandwidth, LLC against plaintiff proximately caused plaintiff to sustain damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). The allegations show that defendants' failure to furnish certain documents to PEG during discovery precluded their admissibility at trial, thereby preventing plaintiff from proving its entitlement to a $652,000 offset against the $550,000 in damages sought by PEG pursuant to the terms of the parties' contract, and resulting in a $550,000 judgment against plaintiff. These allegations adequately pleaded that "but for" defendants' negligence, plaintiff would not have been held liable for any damages in the underlying action (see AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 434 [2007]; Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 271 [1st Dept 2004]).
Defendants are not entitled to dismissal of the claim under CPLR 3211(a)(1). The testimonial evidence and emails they submitted to refute the allegations do not constitute the type of documentary evidence contemplated by the statute (see Correa v Orient-Express Hotels, Inc., 84 AD3d 651 [1st Dept 2011]; Bulbin v O'Carroll, 173 AD3d 825, 826 [2d Dept 2019]).
The doctrine of collateral estoppel does not apply to preclude plaintiff from bringing the legal malpractice claim. The issues of whether plaintiff had incurred costs and expenses in its performance of the contract, and the reason why it was prevented from recovering any such amounts as setoffs, were not necessarily decided in the underlying action (see Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023