Kull v Ahern Rentals, Inc. (2023 NY Slip Op 04721)

Kull v Ahern Rentals, Inc.

2023 NY Slip Op 04721

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Manzanet-Daniels, J.P., Mendez, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 151916/22 Appeal No. 624 Case No. 2022-05166 

[*1]Domenico Kull, Plaintiff-Respondent,
v
Ahern Rentals, Inc., Defendant-Appellant, Herc Rentals Inc. et al., Defendants.

Goldberg Segalla, LLP, Buffalo (James M. Specyal of counsel), for appellant.
Sacco & Fillas, LLP, Astoria (Anthony Zullo of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered October 13, 2022, which denied defendant Ahern Rentals Inc.'s (Ahern) motion pursuant to CPLR 3211 (a)(7) to dismiss the second cause of action for negligence, and pursuant to CPLR 3211(a)(1) and (7) and to dismiss the fourth cause of action for Labor Law §§ 200, 240, and 241 claims asserted against it, unanimously modified, on the law, to grant the motion to the extent of dismissing plaintiff's fourth cause of action as against it, and otherwise affirmed, without costs.
Plaintiff's complaint fails to plead a cause of action under Labor Law §§ 200, 240, or 241 against Ahern, the company that rented out the aerial lift in use when plaintiff's accident occurred. Under the statute, only contractors and owners and their agents can be held liable for Labor Law violations (see Labor Law §§ 240, 241; Jock v Fien, 80 NY2d 965, 967 [1992]; Wenk v Extell W. 57th St. LLC, 188 AD3d 550 [1st Dept 2020]). To be an "agent" of an owner or contractor, a party must have the ability to supervise and control the worksite and/or plaintiff's work (see Reyes v Bruckner Plaza Shopping Ctr. LLC, 173 AD3d 570, 571 [1st Dept 2019]). Here, plaintiff does not dispute that Ahern was neither an owner nor contractor within the meaning of the statute. The complaint only alleges that Ahern owned and maintained the aerial lift, not that Ahern exercised any supervision or control over the worksite (see id.). Accordingly, plaintiff failed to state Labor Law §§ 200, 240 or 241, claims against Ahern as owner of the aerial lift (see Velez v Tishman Foley Partners, 245 AD2d 155, 156 [1st Dept 1997]).
Plaintiff's complaint, however, sufficiently pleaded a cause of action for negligence against Ahern. Plaintiff alleges that the aerial lift owned by Ahern malfunctioned, causing plaintiff's coworker to spray plaintiff with the power washer. Contrary to Ahern's claim, even if plaintiff's coworker proximately caused plaintiff's injury, Ahern is not absolved of liability as "there may be more than one proximate cause of an injury" (Demetro v Dormitory Auth. of the State of N.Y., 170 AD3d 437, 439 [1st Dept 2019] [internal quotation marks omitted]). Thus, the motion court properly denied the branch of Ahern's motion seeking dismissal of plaintiff's negligence cause of action against it.
Ahern also sought dismissal of plaintiff's negligence claim based on CPLR 3211(a)(1), relying on plaintiff's 50-h testimony. However, plaintiff's testimony does not constitute "documentary evidence" (Correa v Orient-Express Hotels, Inc., 84 AD3d 651, 651 [1st Dept 2011]), and, in any event, the testimony fails to utterly refute plaintiff's negligence claim.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023