Wright v City of New York (2024 NY Slip Op 00253)

Wright v City of New York

2024 NY Slip Op 00253

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Oing, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 805963/21 Appeal No. 1453 Case No. 2023-03221 

[*1]Sabrina Wright, Plaintiff-Respondent,
v
The City of New York et al., Defendants-Respondents, Portia Properties II LLC, Defendant-Appellant.

Wood, Smith, Henning & Berman LLP, New York (Kevin T. Fitzpatrick of counsel), for appellant.
Silbowitz Garafola Silbowitz Schatz & Frederick, LLP, Great Neck (Howard Schatz of counsel), for Sabrina Wright, respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for City of New York, respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about February 2, 2023, which denied the motion of defendant Portia Properties II LLC (Portia) to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff's amended complaint stated a cognizable cause of action against Portia sounding in negligence by alleging that Portia owned the property located at the property line where plaintiff's accident occurred; that it either had knowledge of the dangerous sidewalk condition or allowed it to exist for a long period of time prior to plaintiff's accident; and that plaintiff sustained serious and permanent injuries as a result of Portia's negligence (see Mejia v New York City Tr. Auth., 291 AD2d 225, 226 [1st Dept 2002]; see also Administrative Code of City of NY § 7-210[a], [b]).
Portia's managing agent's affidavit in support of its pre-answer motion to dismiss does not constitute documentary evidence under CPLR 3211(a)(1) that conclusively established a defense to plaintiff's amended complaint (see Correa v Orient-Express Hotels, Inc., 84 AD3d 651, 651 [1st Dept 2011]; Celentano v Boo Realty, LLC, 160 AD3d 576, 577 [1st Dept 2018]; Flowers v 73rd Townhouse LLC, 99 AD3d 431, 431 [1st Dept 2012]). Moreover, while the managing agent averred that he did not personally receive complaints of the adjacent sidewalk's condition and that Portia was not responsible for sidewalk maintenance and repair, he failed to mention whether the company had records of either complaints or work performed on the sidewalk. The one document Portia submitted, its lease with its tenant, did not refute plaintiff's claims, as a landowner's duty for the adjacent sidewalk is nondelegable (see Administrative Code § 7-210; see also Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 174 [2019]).
As further discovery was necessary to resolve existing factual questions, most notably the precise incident location and the party responsible for its repair and maintenance, Portia's motion to dismiss was premature.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024