| |
|---|
| **Response Cos. Inc. v ADP, LLP** |
| 2024 NY Slip Op 31200(U) |
| April 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655167/2021 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LOUIS L. NOCK      PART                 38M

*Justice*

-------------------------------------------------------------------------X

RESPONSE COMPANIES, INC.,

Plaintiff,

- v -

ADP, LLC, and ADP TOTALSOURCE GROUP, INC.,

Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655167/2021 |
| MOTION DATE | 11/01/2021 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28

were read on this motion to                              DISMISS                            .

LOUIS L. NOCK, J.

Plaintiff commenced this action in August 2021 alleging breach of contract and other causes of action arising out of defendants' contractual obligation to it "to provide comprehensive human resource services to its employees" (Complaint ¶ 3). Defendants move to dismiss the complaint, which contains the following causes of action: breach of contract, fraud, negligence, and breach of the implied covenant of good faith. The motion is opposed.

Background

In November 2010, an entity known as Response Personnel, Inc. ("Response"),[1] entered into a client services agreement ("CSA" [NYSCEF Doc. No. 18]) with an entity known as ADP TotalSource, Inc. ("ADPTS").[2] In brief, the complaint alleges that plaintiff hired an employee named Gary Dolgin in September 2014 who was "offered various benefits by ADP[TS] including medical insurance coverage" (Complaint ¶ 22); but that he "has always been provided

---

[1] Plaintiff herein is named Response Companies, Inc.
[2] The two defendants herein are named ADP, Inc., and ADP TotalSource Group Inc.

**655167/2021 RESPONSE COMPANIES, INC. vs. ADP, LLC ET AL**          **Page 1 of 5**
**Motion No. 001**

medical insurance coverage through his wife's employer" and that "Mr. Dolgin never authorized ADP[TS] to provide any medical benefits and continues to remain on his wife's policy" (Complaint ¶ 23). However, the complaint alleges that "ADP[TS] unilaterally forced placed comprehensive medical insurance coverage for Mr. Dolgin, erroneously on a policy for individuals who were Self-Employed . . . ." (Complaint ¶ 24.) The complaint further alleges that "the premiums [for said erroneous placement of coverage] were paid 100% by [plaintiff]" (*id.*). In sum, it is alleged that Mr. Dolgin "was erroneously and actively enrolled in a policy he never elected to purchase" and that "this is a blatant error committed by ADP[TS]" but that "ADP[TS] has refused to indemnify [plaintiff] for any amount of [premium] monies" (Complaint ¶¶ 24, 26). The complaint alleges those monies to be in a minimum amount of $40,000 for which plaintiff now seeks reimbursement (plus accrued interest thereon).

Seminal Provisions of the CSA (NYSCEF Doc. No. 18)

Section II (C) provides that "Client [i.e., plaintiff] agrees to identify all self-employed individuals ("SEI") to be covered under this Agreement . . . ." Section IV (preamble) provides that "Client acknowledges that TotalSource's [i.e., ADPTS'] provision of its Services is dependent upon the completeness, accuracy, and timeliness of the information that Client provides to TotalSource." Section IV (D) provides that "TotalSource will provide Client with a secure, online human resources website which . . . allows Client to process and report newly hired" employees.

The Motion to Dismiss

The theory of the complaint is that ADPTS, without any identification by plaintiff of Mr. Dolgin as a Self-Employed worker seeking health insurance coverage, "unilaterally" and "erroneously," placed Mr. Dolgin into coverage status, resulting in at least $40,000 in unjustified

**655167/2021   RESPONSE COMPANIES, INC. vs. ADP, LLC ET AL**
**Motion No.  001**

**Page 2 of 5**

[* 2]

2 of 5

premiums paid by plaintiff over the course of his working period with plaintiff, commencing in 2014 – seven years ago. However, defendants submit the affidavit of their Client Relations Executive, Juan Tapia (NYSCEF Doc. No. 9), which attests that a personnel department employee of plaintiff bearing the data entry codename "MLACHAP" expressly identified Mr. Dolgin, at the outset of his hiring by plaintiff in September 2014, as a recipient for health insurance coverage, in the ADPTS information system (*see*, CSA § IV [D] [quoted above]), and Mr. Tapia annexes a copy of that data entry page (NYSCEF Doc. No. 11). Mr. Tapia also annexes a portion of the many invoices which plaintiff paid over the years, without objection, in connection with insurance premiums for Mr. Dolgin (NYSCEF Doc. No. 12).

Defendants move to dismiss on the basis of Mr. Tapia's affidavit, and its exhibits (CPLR [a] [1]).[3]

Discussion

The CSA expressly casts the burden of identifying covered individuals, on the plaintiff (CSA § II [C]) – not on the defendants. The CSA makes that even clearer in the preamble to section IV of the CSA by stating that "Client acknowledges that TotalSource's provision of its Services is dependent upon the completeness, accuracy, and timeliness of the information that Client provides to TotalSource."[4] Consequently, if what Mr. Tapia attests to is true – to wit, that an employee of plaintiff coded as "MLACHAP" informed defendants in 2014 that Mr. Dolgin was to be provided coverage – defendants were entitled to rely on that information (or misinformation as the case may be) in providing the coverage and charging plaintiff the

---

[3] Defendants also submit the affidavit of their Human Resource Business Partner, Dave Blomgren (NYSCEF Doc. No. 25), to the effect that the "NY-SEI" coverage underlying this action was to be "100% paid by the employer . . . ." (*Id.*, ¶ 3.)

[4] As for "timeliness," plaintiff's alleged discovery of Mr. Dolgin's insurance status comes after numerous years of its acceptance and payment of defendants' insurance premium invoices.

**655167/2021   RESPONSE COMPANIES, INC. vs. ADP, LLC ET AL**                    **Page 3 of 5**
  **Motion No.  001**

premiums therefor, and cannot be held to account for plaintiff's long-standing error in identifying Mr. Dolgin as a covered worker.

However, in order for Mr. Tapia's exhibits to acquire the type of evidentiary sufficiency to warrant dismissal of the complaint at this stage, they must be evident to the court as "utterly refut[ing]" the claims in the complaint and "conclusively establishing a defense as a matter of law" (*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc.*, 37 NY3d 169, 175, *rearg denied* 37 NY3d 1020 [2021]). Thus, while Mr. Tapia identifies, in affidavit form, data enterer "MLACHAP" as "known to ADPTS to have been hired for employment by [plaintiff]" (NYSCEF Doc. No. 9 ¶ 3), further evidence, perhaps by way of deposition or other discovery mechanisms, would be necessary for the court to reach that factual conclusion. But for now, the issues of fact raised by the complaint, juxtaposed against the Tapia affidavit, cannot be resolved on this motion to dismiss (*e.g., Correa v Orient-Express Hotels, Inc.*, 84 AD3d 651 [1st Dept 2011]).

Accordingly, it is

ORDERED that the motion is denied; and it is further

ORDERED that defendants may file an answer to the complaint on or before 30 days from the date of filing hereof.

**655167/2021   RESPONSE COMPANIES, INC. vs. ADP, LLC ET AL**
**Motion No.  001**

**Page 4 of 5**

This will constitute the decision and order of the court.

ENTER:

*Louis L. Nock*

| **4/8/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LOUIS L. NOCK, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

655167/2021   RESPONSE COMPANIES, INC. vs. ADP, LLC ET AL
Motion No.  001

Page 5 of 5

5 of 5