| **Holderness v City of New York** |
|:---:|
| 2025 NY Slip Op 32067(U) |
| June 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159405/2023 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. HASA A. KINGO**     PART     **05M**

*Justice*

-------------------------------------------------------------------------------X

AMY HOLDERNESS,

            Plaintiff,

          - v -

CITY OF NEW YORK, 63RD & 3RD NYC LLC,NEWMARK
GROUP, INC.,63 COMPANY LLC C/O DIGBY
MANAGEMENT COMPANY

            Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159405/2023 |
| MOTION DATE | 06/10/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 56, 60, 61, 62, 63, 64, 65, 66, 67, 68, 70, 71, 72, 73, 74, 75, 76, 77, 78

were read on this motion to                DISMISS             .

      With the instant motion, Defendant 63rd & 3rd NYC LLC (the "Movant") moves, pursuant to CPLR §§ 3211(a)(1) and (a)(7), to dismiss Plaintiff Amy Holderness' ("Plaintiff") amended complaint and all cross-claims asserted against it. Plaintiff opposes the motion.

## BACKGROUND AND ARGUMENTS

      In this personal injury action, Plaintiff seeks damages for injuries she purportedly sustained when she tripped and fell on a piece of plywood at the property located at 1065 3rd Avenue, New York, New York on September 15, 2022 (the "Premises") (NYSCEF Doc No. 11, amended complaint ¶¶ 12, 41-42).

      On September 25, 2023, Plaintiff commenced this action by filing a summons and complaint that interposed causes of action against Defendants the City of New York (the "City"), Newmark Group, Inc. ("Newmark"), and the Movant (NYSCEF Doc No. 1, complaint). The City and Newmark filed answers to the complaint on October 11, 2023 and November 10, 2023, respectively (NYSCEF Doc No. 4, 7). Plaintiff filed an amended complaint on March 6, 2024 that added Defendant 63 Company LLC c/o Digby Management Company ("Digby") (NYSCEF Doc No. 11). Digby appeared and answered the amended complaint on January 23, 2025 (NYSCEF Doc No. 25).

      Newmark moved for summary judgment dismissing the complaint and crossclaims as against it (NYSCEF Doc No. 46, notice of motion). The motion was granted pursuant to an order dated May 16, 2025 (NYSCEF Doc No. 79).

**159405/2023  HOLDERNESS, AMY vs. CITY OF NEW YORK ET AL**       **Page 1 of 4**
**Motion No.  001**

1 of 4

[* 1]

By this motion, the Movant moves pursuant to CPLR § 3211 (a)(1) and (a)(7) to dismiss the amended complaint and all crossclaims against it (NYSCEF Doc No. 28, notice of motion). The Movant argues that it does not owe a duty of care to Plaintiff because it has never owned, operated, managed, maintained, controlled, supervised, or inspected the Premises (NYSCEF Doc No. 29, Scanga affirmation in support ¶ 19).

In response, Plaintiff opposes the motion and cross-moves to amend the complaint to modify the location where the injury occurred to at or near 1065 3rd Avenue, New York, New York; 1059 3rd Avenue, New York, New York; and/or 1061 3rd Avenue, New York, New York (NYSCEF Doc No. 65, Trochiano affirmation in opposition ¶ 3). The three properties are located next to each other on the northeast side of 3rd Avenue, just south of East 63rd Street—1065 3rd Avenue is the northernmost property, followed by 1061 3rd Avenue to the south, and finally, 1059 3rd Avenue in the southernmost position.[1] Plaintiff contends that there was ongoing construction at 1059 and 1061 3rd Avenue on the date of the injury, which may have been the source of the plywood that caused her to trip (*id.* ¶ 8). Finally, Plaintiff contends that Defendant 63rd & 3rd is the owner of 1059 3rd Avenue and 1061 3rd Avenue, and is, therefore, a proper defendant.

Digby also opposes on the grounds that the motion is premature because there has been no discovery in the case, the Movant has not complied with Digby's discovery demands, and because the prolonged construction activity in front of the Movant's building may have contributed to the accident (NYSCEF Doc No. 70, DeVerteuil affirmation in opposition ¶¶ 6-13).

The Movant has not submitted a reply.

## DISCUSSION

On a motion to dismiss brought under CPLR § 3211 (a)(7), the court must "accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994][citations omitted]). Ambiguous allegations must be resolved in the plaintiff's favor (*see JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 West 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [internal citations omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*Cortlandt Street Recovery Corp. v Bonderman*, 31 NY3d 30, 38 [2018]), but a pleading consisting of "bare legal conclusions" is insufficient (*Leder v Spiegel*, 31 AD3d 266, 267 [1st Dept 2006], *affd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]) and "the court is not required to accept factual allegations that are plainly contradicted by the documentary evidence or legal conclusions that are unsupportable based upon the undisputed facts" (*Robinson v Robinson*, 303 AD2d 234, 235 [1st Dept 2003]).

Dismissal under CPLR § 3211 (a) (1) is warranted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law"

---

[1] The court can take judicial notice of the location and orientation of the three properties.

**159405/2023   HOLDERNESS, AMY vs. CITY OF NEW YORK ET AL**          **Page 2 of 4**
**Motion No.  001**

2 of 4

(*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). "To be considered 'documentary' under CPLR § 3211 (a) (1), evidence must be unambiguous and of undisputed authenticity" (*Fontanetta v John Doe 1,* 73 AD3d 78, 86 [2d Dept 2010] [internal citation omitted]). In effect, "the paper's content must be 'essentially undeniable and . . . assuming the verity of [the paper] and the validity of its execution, will itself support the ground on which the motion is based" (*Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc.*, 120 AD3d 431, 432 [1st Dept 2014] [internal citation omitted]). Affidavits and deposition testimony do not qualify as documentary evidence for the purposes of CPLR § 3211 (a) (1) (*Lowenstern v Sherman Sq. Realty Corp*., 143 AD3d 562, 562 [1st Dept 2016]; *Correa v Orient-Express Hotels, Inc*., 84 AD3d 651, 651 [1st Dept 2011]), but judicial records, mortgages, deeds and contracts (*Fontanetta,* 73 AD3d at 84), and email and letter correspondence (*Kolchins v Evolution Mkts, Inc*., 31 NY3d 100, 106 [2008]) may be considered.

To maintain a cause of action in negligence, a plaintiff must first demonstrate a duty owed by the defendant to the plaintiff predicated upon "occupancy, ownership, control or a special use of such premises" (*Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296 [1st Dept 1988]). Alternatively, a duty may be imposed (1) where a defendant contractor creates or exacerbates a harmful condition in the execution of its contract, (2) where the plaintiff has suffered injury as a result of reasonable reliance upon the defendant's continuing performance of a contractual obligation, or (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely (*Church ex rel. Smith v Callanan Indus., Inc.*, 99 NY2d 104, 111 [2002]). "In the absence of a duty, as a matter of law, there can be no liability" (*Pasternack v Lab's Corp. of Am. Holdings*, 27 NY3d 817, 825 [2016]).

Here, the Movant argues that the complaint should be dismissed as against it because documentary evidence submitted in support of the motion demonstrates that it never owned, operated, managed, maintained, controlled, supervised, or inspected the Premises, and, therefore, does not owe a duty of care to the Plaintiff. No party disputes that the Movant did not own the Premises. However, Plaintiff and Digby have submitted photos in opposition to the motion that suggest there was construction on the entire portion of the block spanning 1059 through 1065 3rd Avenue (NYSCEF Doc Nos. 71, 74). The precise location of the allegedly defective condition and its proximity to the construction is unclear from any of the photos submitted (NYSCEF Doc Nos. 67, 68, 71, 74). However, given the close proximity of all three properties, there is a question of fact regarding whether plywood placed over the sidewalk at 1065 3rd Avenue was related to the nearby construction at the neighboring properties owned by the Movant. Therefore, denial of the motion is appropriate at this stage of the proceeding.

Finally, Plaintiff's cross-motion to amend seeks to add allegations tying the Movant's adjacent properties to the hazard is granted as CPLR § 3025(b) generally favors leave to amend.

Accordingly, it is hereby

ORDERED that the Movant's instant motion is denied; and it is further

ORDERED that Plaintiff's motion for leave to amend the complaint herein is granted, and the amended complaint in the proposed form annexed to the moving papers shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further

**159405/2023   HOLDERNESS, AMY vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 3 of 4**

3 of 4

ORDERED that defendants shall serve answers to the amended complaint or otherwise respond thereto within 20 days from the date of said service; and it is further

ORDERED that following the submission of answers, the Clerk of the Differentiated Case Management Part shall schedule this matter for a preliminary conference on the next available date.

This constitutes the decision and order of the court.

20250610120940HKINGO6F2778X75F4D4789852A201F0X7E0044

**6/10/2025**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**159405/2023   HOLDERNESS, AMY vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 4 of 4**

[* 4]